### WOOD et al. v. NOYES.

(Circuit Court of Appeals, Ninth Circuit. October 8, 1917.)

No. 2529.

BANKS AND BANKING &wkey;54(1)—DIVIDENDS—OFFICERS' LIABILITY.

Officers and directors of a banking corporation, who participated in the declaration of a dividend out of the capital of the corporation, which was then insolvent, are liable to the receiver to the amount of dividends received by them.

Appeal from the District Court of the United States for the Fourth Division of the Territory of Alaska; F. E. Fuller, Judge.

Suit by F. G. Noyes, as receiver of the Washington-Alaska Bank, a corporation, against R. C. Wood and others. From a decree for complainant, defendants appeal. Affirmed.

McGowan & Clark, A. R. Heilig, and John L. McGinn, all of Fairbanks, Alaska, and Metson, Drew & Mackenzie, Curtis Hillyer, and Charles J. Heggerty, all of San Francisco, Cal., for appellants.

O. L. Rider, of St. Louis, Mo., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. The appellee, as receiver of the insolvent bank, brought suit against the appellants, who had been directors and officers of the bank, and against other stockholders, to recover the amount of a dividend paid to and received by them under a resolution adopted by the board of directors of the bank on the 12th day of April, 1910; the complaint alleging, among other things, that:

"On and for a long time prior to said April 12, 1910, said Washington-Alaska Bank, then known as the Fairbanks Banking Company, was in a

grossly insolvent and bankrupt condition, and its assets were insufficient in value by more than $100,000 to pay its deposits and other liabilities. Notwithstanding the said grossly insolvent and bankrupt condition of said bank, the board of directors thereof did on said 12th day of April, 1910, wrongfully and fraudulently declare and order to be paid to the then stockholders of said Washington-Alaska Bank, then known as the Fairbanks Banking Company, a dividend of 20 per cent., or $20 per share, on its then outstanding capital stock of $168,800. On said 12th day of April, 1910, said Washington-Alaska Bank owed to depositors the sum of $876,972.28 and had other liabilities amounting to $83,717.53."

By their amended answer the defendants put in issue those allegations of the complaint, and, among other things, by further and separate answer the defendants McGinn and J. A. Jessom alleged, in substance, that at the time the dividend was declared and at the time they received the same the bank was solvent, and that they believed it so to be, and received their portion of the dividend in good faith and believing that it came out of the profits of the bank and not otherwise; and the defendant Wood, for a further and separate answer alleged that the portion of the said dividend so paid to him was paid to him for the use and benefit of one Joseph Conta, who was the true owner of the shares of stock standing in his name on the books of the bank, and that at the time the dividend was declared and at the time he received the same the said bank was solvent, and that he believed it to be so, and received the portion of the dividend so received by him prior to any notice that the bank was insolvent and could not meet its liabilities. These affirmative allegations were put in issue by the reply of the plaintiff.

Each of the defendants also set up in defense certain matters also pleaded by them in a suit brought by the same receiver against them, together with the other officers and directors of the said bank, namely, E. R. Peoples, James W. Hill, and Ray Brumbaugh, charging them with wrongful and negligent acts and conduct whereby the bank had been injured and its assets wasted, so that it became unable to pay its creditors, and praying that an accounting be had and judgments rendered against the defendants to that suit for the amounts found to be due from them respectively, in which suit the other defenses referred to were, on appeal from the judgment there given by the trial court, held by this court at the last term to be of no avail, so that no further reference to those defenses need now be made. 245 Fed. 46, —— C. C. A. ——.

The present suit was tried by agreement of the respective parties before the court without a jury, and the court found the facts to be in substance as follows:

(1) That the bank of which the plaintiff was receiver was incorporated under the name of Fairbanks Banking Company under the laws of the state of Nevada, January 21, 1908, with an authorized capital stock of $300,000, divided into 3,000 shares of the par value of $100 each; that subsequently, by amendment to its articles of incorporation, the name was changed to Washington-Alaska Bank.

(2) That the bank commenced business at the town of Fairbanks, Alaska, March 16, 1908, and continued to carry on a general banking

business there until June 4, 1911, when it suspended business and closed its doors.

(3) That on April 12, 1910, the said Fairbanks Banking Company by its then board of directors declared a 20 per cent. dividend on the par value of its then outstanding capital stock of $168,000, amounting to $33,720, which dividend was paid to the then stockholders of the bank, either in cash or by crediting the amount thereof upon notes owing by such stockholders to the bank, in the amount set forth in the complaint.

(4) That of said stockholders J. A. Jessom, J. W. Hill, G. W. Palmer, E. R. Jessom, M. F. Hall, John F. McGinn, Dave Petree, John Zug, Mrs. Mary Anderson, R. C. Wood, J. L. Sale, G. A. Coleman, George Preston, and J. A. Healey joined issue with the plaintiff upon the matters and things set up in the complaint, and were then before the court.

(5) That the defendants J. A. Jessom, McGinn, and Wood were directors of the bank at the time the said dividend was declared and paid, and gave their consent to the same; that McGinn was at the time the owner of shares of the capital stock of the bank of the par value of $10,000, and that there was paid to him thereon of said dividend $2,000; that J. A. Jessom was at the time the owner of shares of the capital stock of the bank of the par value of. $10,000, and that there was paid to him of the said dividend the sum of $2,000; that Wood was at the time the owner of shares of the capital stock of the bank of the par value of $2,500, and that there was paid to him of the dividend the sum of $500; that none of the other defendants mentioned were officers or directors of the bank at the time of the declaration of the dividend, or at the time of the receipt of their portion thereof.

(6) That at the time the said dividend was declared and paid the said Fairbanks Banking Company did not have any surplus or undivided profits out of which the same could be declared and paid, and that the said dividend was paid out of the capital of said bank, which facts were known to the defendants McGinn, Wood, and J. A. Jessom, and to each of them, at said time, or could have been known to them by the exercise of reasonable diligence.

(7) That the dividend so paid to the defendants Hill, Palmer, E. R. Jessom, M. F. Hall, Petree, Zug, Mrs. Mary Anderson, Sale, Coleman, Preston, and Healey was received by them without knowledge on their part that the said bank did not have any surplus or undivided profits out of which the said dividend could be declared and paid, or that the same was paid out of the capital of said bank, and they and each of them received the same in good faith and in the honest belief that the same was declared and paid to them out of the surplus and undivided profits of said bank.

(8) That said dividend was declared and paid in violation of the laws of the state of Nevada, under which said corporation was organized, and in violation of the by-laws of the said Fairbanks Banking Company, and was wrongful and illegal.

(9) That the assets of said bank now in the hands of said receiver

are insufficient to pay its liabilities, and the amount of said liabilities is more than $470,000 in excess of the par value of said assets.

The findings covered the material issues made by the pleadings, and upon the record we cannot hold that the evidence was insufficient to justify the findings made, or that the court below erred in refusing to make the numerous findings requested by the appellants. From the facts so found the court concluded as matter of law that the defendants J. A. Jessom, McGinn, and Wood are liable to the plaintiff for the amount of the dividend paid to and received by them, respectively, and gave judgment against them accordingly, and in favor of the other defendants.

For the reasons set forth in the opinion filed in the other suit above referred to, we think the judgment here appealed from right, and it is accordingly affirmed, with the provision that, upon the payment of the joint and several judgment entered in the aforesaid suit against the present appellants as directors, the judgment here affirmed also becomes thereby satisfied and extinguished.